UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES of AMERICA, <br>     Plaintiff, <br><br> v. <br><br> VICTOR RADBILL, <br>     Defendant. | Cr. No. 16-110M |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Before the court is Petitioner Victor C. Radbill's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. Specifically, Mr. Radbill alleges that his attorney failed to negotiate effectively on his behalf by not convincing the U.S. Attorney's Office to allow him to be prosecuted by the state of Rhode Island instead of the federal government. For the following reasons, Mr. Radbill's motion is DENIED.

I. BACKGROUND

Mr. Radbill is currently serving a ten year sentence, imposed by this court, for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). ECF No. 30 at 2. Mr. Radbill was indicted by a federal grand jury (ECF No. 1 at 1) following his arrest by Rhode Island State Police detectives assigned to the Internet Crimes Against Children Taskforce. ECF No. 40 at 2.

An assistant federal defender was assigned to the case and entered his appearance on behalf of Mr. Radbill. ECF No. 3. During his representation of Mr. Radbill, the federal defender communicated with the U.S. Attorney's office regarding mitigation for Mr. Radbill, the possibility of lessening his sentence by proceeding in state court instead of federal court, and trial preparation. ECF No. 40 at 14-18. Despite the federal defender's efforts, the U.S. Attorney's Office declined to dismiss the charges and allow Mr. Radbill to be prosecuted solely by Rhode Island. *Id.* at 1. Mr. Radbill subsequently entered into a plea agreement with the U.S. Attorney's Office (ECF No. 21) and this Court imposed the mandatory minimum sentence for his conduct of ten years. ECF No. 30 at 2.

Mr. Radbill timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 38. Chief among Mr. Radbill's concerns is that he faced a mandatory minimum sentence of ten years under federal law when no such mandatory minimum is required by Rhode Island law. *Id.* at 4. He alleges that his federal defender was ineffective in negotiations with the government, being unable to "persuade the U.S. Attorney's Office to use its prosecutorial discretion and decline to indict, as [he] was already facing time in state prison." *Id.* at 5.

II. STANDARD OF REVIEW

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim of ineffective assistance of counsel

2

requires a convicted defendant to prove the deficiency of counsel's representation and resulting prejudice to his defense. *Id.* at 687. Since the same notions of fundamental fairness undergird habeas petitions, no "special standards" are required to discern ineffective assistance in that setting. *Id.* at 697-98.

Representation is deficient when it fails to meet an "objective standard of reasonableness" within the field at the time. *U.S. v. Rodriguez*, 675 F.3d 48, 56 (1st Cir. 2012) (internal quotation marks omitted). Furthermore, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Strickland*, 466 U.S at 687, (quoting McMann v. Richardson, 397 U.S. 759, 770 (1970)). The dangers of hubristic hindsight caution the court to take a deferential view of counsel's conduct when determining whether it falls within the panoply of tactical decisions that may be reasonable assistance under the circumstances. *Rodriguez*, 675 F.3d at 56. Essentially, the defendant must vitiate the presumption that "the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citations omitted). The ineffective assistance prong is only satisfied when, "counsel's 'choice was so patently unreasonable that no competent attorney would have made it....'" *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006).

To show "prejudice," Mr. Radbill must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Mr. Radbill need not show that the

3

different outcome is more likely than not the result of deficient representation, but consonant with the notion of fundamental fairness must demonstrate "a probability sufficient to undermine confidence in [the] outcome." *Rodriguez*, 675 F.3d at 57 (quoting *Porter v. McCollum*, 558 U.S. 30, 44 (2009).

III. DISCUSSION

Mr. Radbill's allegations of ineffective assistance of counsel rest primarily on the fact that his attorney was unable to persuade the U.S. Attorney's Office to forego prosecution of his conduct and instead allow him to face charges in the Rhode Island criminal justice system. ECF No. 38 at 5. He further asserts that he should have faced only state charges and that "an effective attorney would have stressed this point in plea negotiations and pretrial hearings and at the very least at [his] allocution and [his] sentencing. *Id.* Although Mr. Radbill is correct that his attorney's plea negotiations were unavailing with regards to wresting from the U.S. Attorney's Office its desire to prosecute him, this Court can not find that his attorney's conduct "was so patently unreasonable that no competent attorney would have made it....'". *Knight v. Spencer*, 447 F.3d at 15. Similarly, although Mr. Radbill's attorney did not argue during his sentencing that he should only have faced state charges (ECF No. 34, Passim), such a line of argument would have been futile. *See Vieux v. Pepe*, 184 F.3d 59, 64 (1st Cir. 1999) ("failing to pursue a futile tactic does not amount to constitutional ineffectiveness).

The record clearly illustrates the federal defender's attempt to protect Mr. Radbill from the mandatory minimum sentence imposed by federal law. ECF No. 40

at 14. Contending that Mr. Radbill's mental health problems mitigated his culpability such that a ten year sentence was excessive, he suggested working around the federal mandatory minimum by arranging a plea to state charges. *Id.* The federal defender's attempts to negotiate with the U.S. Attorney's Office fall squarely within the bounds of reasonable competence demanded of criminal defense attorneys. His tactics were unsuccessful, but they do not amount to ineffective assistance of counsel. *See, U.S. v. Natanel*, 938 F.2d 302, 310 (1st Cir. 1991) ("The Constitution does not guarantee a defendant…a successful defense").

Likewise, the federal defender's silence on the issue of state charges during Mr. Radbill's sentencing hearing can not be understood as ineffective assistance of counsel. At that stage of the proceedings, any argument that Mr. Radbill should have been charged by the state would have been futile. Mr. Radbill had already pleaded guilty to a federal crime carrying a statutory minimum sentence of 10 years, (ECF No. 21), the government recommended the minimum sentence, (*Id.* at 2), and that is exactly the sentence the court imposed. ECF No. 34. The court could not have been persuaded by Mr. Radbill's attorney to adopt a more lenient sentence. Mr. Radbill's grievance lays, if anywhere, at the feet of Congress, which enacted the mandatory minimum.

Because Mr. Radbill can not prove that his attorney's representation was deficient, the Court is under no obligation to discuss the prejudice prong of the *Strickland* test. *See Rodriguez*, 675 F.3d at 58 (petitioner must show "both deficient

performance and prejudice"). Accordingly, the Court DENIES Mr. Radbill's claim of ineffective assistance of counsel and his § 2255 petition. ECF No. 38.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

April 8, 2019